1  RANDY S. GROSSMAN
   United States Attorney
2  NICOLE E. BREDARIOL
   Special Assistant United States Attorney
3  Massachusetts Bar No. 696484
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 546-8914
   Email: Nicole.bredariol@usdoj.gov
6
7  Attorneys for United States of America

8                 UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          Case No. 19cr1610-09-GPC

11            Plaintiff,

12       v.                            PLEA AGREEMENT

13  NORBERTO ENRIQUE ~~MIGUEL~~ Muriel
    CASTRILLON (9),
14
15            Defendant.

16      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

17  AMERICA, through its counsel, Randy S. Grossman, United States Attorney,

18  and Nicole Bredariol, Special Assistant United States Attorney, and

19  Defendant Norberto Enrique Miguel Castrillon with the advice and consent

20  of Knut Johnson, counsel for Defendant, as follows:

21                                  I

22                              THE PLEA

23      Defendant agrees to plead guilty to Count 1 of the Second

24  Superseding Indictment charging Defendant with:

25          knowingly and intentionally conspiring with persons
            known and unknown to the grand jury to distribute
26          and cause the distribution of a controlled
            substance, to wit: 5 kilograms and more of a mixture
27          and substance containing a detectable amount of
            cocaine, a Schedule II Controlled Substance;
28          intending, knowing, and having reasonable cause to

Plea Agreement                              Def. Initials MCN

19CR1610-09-GPC

1    believe that such cocaine would be unlawfully
2    imported into the United States; all in violation
     of Title 21, United States Code, Sections 959, 960,
     and 963.

3    Defendant agrees that, following entry of Defendant's guilty plea,

4    the Government need not hold or preserve any evidence seized in

5    connection with this case. For any controlled substance seized in

6    connection with this case, Defendant agrees that, following entry of

7    Defendant's guilty plea, the Government may destroy the controlled

8    substance 30 days after the Government has provided Defendant with the

9    laboratory analysis report. If Defendant believes that additional

10   testing is needed, Defendant will arrange for and complete such testing

11   within that 30-day period, unless that period is extended by joint

12   written agreement or Court order, in which case the Government shall

13   preserve the controlled substance for the agreed-upon or judicially

14   mandated period. If the court has issued a preservation order in

15   connection with any seized evidence, Defendant will request that the

16   Court lift or revoke the preservation order following entry of

17   Defendant's guilty plea.

18                              II

19                   **NATURE OF THE OFFENSE**

20   A.    ELEMENTS EXPLAINED

21   The offense to which Defendant is pleading guilty has the following

22   elements:

23        (1)  There was an agreement between two or more persons to
             distribute a controlled substance outside the United
24           States knowing and intending that the controlled
             substance would be imported into the United States;
25
26        (2)  The defendant joined in the agreement knowing of its
             purpose and intending to help accomplish that purpose;
27           and

28   Plea Agreement                    2                    Def. Initials MCN

                                                          19CR1610-09-GPC

In addition, for purposes of sentencing, the Government would have to prove beyond a reasonable doubt that the amount of cocaine involved in the agreement was at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine. The Government must also prove beyond a reasonable doubt that the type and quantity of drugs fell within the scope of Defendant's agreement and was reasonably foreseeable to him.

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

(1)   In 2018 and 2019, Defendant participated in a drug trafficking venture wherein he and others agreed to transport more than 450 kilograms of cocaine, a Schedule II controlled substance, from South America including Colombia and Ecuador, where said cocaine was to be further transported to Mexico and ultimately the United States.  As part of that venture, Defendant and others intended to distribute the cocaine to individuals in Colombia, Ecuador, Mexico and elsewhere.

(2)   Defendant intended and had reasonable cause to believe that five kilograms or more of the cocaine shipped would be unlawfully transported into the United States.

(3)   Defendant agrees that he agreed to distribute more than five kilograms of cocaine and that this type and quantity of drugs was within the scope of Defendant's agreement and was reasonably foreseeable to him.

//

//

Plea Agreement

3

Def. Initials MCN

19CR1610-09-GPC

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.   a mandatory minimum of 10 years and maximum of life in prison;

B.   a maximum $10 million fine;

C.   a mandatory special assessment of $100 per count; and

D.   a term of supervised release of at least 5 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case may have adverse immigration consequences, including

Plea Agreement                                    4                           Def. Initials MCN

19CR1610-09-GPC

1 defendant's removal or deportation from the United States. Defendant
2 may also be denied United States citizenship and admission to the United
3 States in the future.

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE
PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

6    Any information establishing the factual innocence of Defendant
7 known to the undersigned prosecutor in this case has been turned over
8 to Defendant. The Government will continue to provide such information
9 establishing the factual innocence of Defendant.

10    If this case proceeded to trial, the Government would be required
11 to provide impeachment information for its witnesses. In addition, if
12 Defendant raised an affirmative defense, the Government would be
13 required to provide information in its possession that supports such a
14 defense. By pleading guilty Defendant will not be provided this
15 information, if any, and Defendant waives any right to this information.
16 Defendant will not attempt to withdraw the guilty plea or to file a
17 collateral attack based on the existence of this information.

VI

**DEFENDANT'S REPRESENTATION THAT GUILTY
PLEA IS KNOWING AND VOLUNTARY**

20    Defendant represents that:

21 A.    Defendant has had a full opportunity to discuss all the facts
and circumstances of this case with defense counsel and has
22    a clear understanding of the charges and the consequences of
this plea. By pleading guilty, Defendant may be giving up,
23    and rendered ineligible to receive, valuable government
benefits and civic rights, such as the right to vote, the
24    right to possess a firearm, the right to hold office, and the
right to serve on a jury. The conviction in this case may
25    subject Defendant to various collateral consequences,
including but not limited to revocation of probation, parole,
26    or supervised release in another case; debarment from
government contracting; and suspension or revocation of a
27

28 Plea Agreement                         5                    Def. Initials MCN

19CR1610-09-GPC

professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.   No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.   Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the

Plea Agreement                                     6                    Def. Initials MCN

1  Government's duty to provide complete and accurate facts to the district
2  court and the U.S. Probation Office.

3                                    IX

4                **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

5       This plea agreement is made pursuant to Federal Rule of Criminal
6  Procedure 11(c)(1)(B). The sentence is within the sole discretion of
7  the sentencing judge who may impose the maximum sentence provided by
8  statute. It is uncertain at this time what Defendant's sentence will
9  be. The Government has not made and will not make any representation
10 about what sentence Defendant will receive. Any estimate of the probable
11 sentence by defense counsel is not a promise and is not binding on the
12 Court. Any recommendation by the Government at sentencing also is not
13 binding on the Court. If the sentencing judge does not follow any of
14 the parties' sentencing recommendations, Defendant will not withdraw
15 the plea.

16                                    X

17            **PARTIES' SENTENCING RECOMMENDATIONS**

18     A.   SENTENCING GUIDELINE CALCULATIONS

19      Although the Guidelines are only advisory and just one factor the
20 Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
21 the parties will jointly recommend the following Base Offense Level,
22 Specific Offense Characteristics, Adjustments, and Departures:

23
24         1.   Base Offense Level [§ 2D1.1(c)]              38
           2.   Acceptance of Responsibility [§ 3E1.1]       -3
           3.   Safety Valve (if applicable)                 -2*
25              [§§ 2D1.1(b)(17) and 5C1.2]
           4.   Early Disposition/Appellate Waiver [§ 5K2.0] -2**
26
27
28 Plea Agreement                      7              Def. Initials MCN

                                                       19CR1610-09-GPC

* If Defendant meets the requirements for Safety Valve as provided under USSG §§ 2D1.1(b)(18) and 5C1.2 or meets the requirements under USSG § 5C1.2(a)(2)-(5) and the criminal history requirements as provided in the First Step Act, the United States will recommend a two-level reduction of the guidelines and relief from any statutory mandatory minimum sentence.

**The United States reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.    Falsely denies prior criminal conduct or convictions;

3.    Is untruthful with the Government, the Court or probation officer; or

4.    Breaches this plea agreement in any way.

//

//

Def. Initials MCN

19CR1610-09-GPC

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE
UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant either be sentenced to the low end of the advisory guideline range recommended by the Government at sentencing, or, at its discretion, to a sentence below the advisory guideline range.

G.   SPECIAL ASSESSMENT/FINE

1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//

//

Def. Initials MCN

19CR1610-09-GPC

2.    Fine

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.    SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised

Def. Initials MCN

despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.  Failing to plead guilty pursuant to this agreement;

2.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.  Failing to appear in court;

4.  Attempting to withdraw the plea;

5.  Failing to abide by any court order related to this case;

6.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

8.  Filing any substantive motions after this plea agreement is signed.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled

Plea Agreement                                    11                          Def. Initials MCN

indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

Plea Agreement                    12                Def. Initials MCN

19CR1610-09-GPC

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
United States Attorney

DATED 6/9/22

for NICOLE BREDARIOL
Special Assistant U.S. Attorney

DATED 5/6/22

KNUT JOHNSON
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

DATED 5-6/2022

Norberto Muriel Castrillon.
NORBERTO ENRIQUE MURIEL CASTRILLON
Defendant

Approved By:

DALE BLANKENSHIP
Assistant U.S. Attorney

Plea Agreement

13

Def. Initials MCN